PAUL WEINBURGH vs. CIVIL SERVICE COMMISSION & another.[1]

No. 07-P-1692.

Suffolk. May 20, 2008. - September 4, 2008.

Present: McHUGH, DREBEN, & MILLS, JJ.

*Police,* Promotional examination. *Fire Fighter. Civil Service,* Judicial review, Promotion, Firefighters, Police.

In an action for judicial review of a decision of the Civil Service Commission, a Superior Court judge properly concluded, based on the language of G. L. c. 31, § 59, that the statute did not require that an employee seeking to sit for a promotional examination have served one year in the immediate lower position, but rather that the employee have been on the promotion list (and, thus, certified for and eligible to serve in) the immediate lower position one year prior to taking the examination for the higher position, and that the employee actually served in the force for one year after certification, but not necessarily in that lower position; accordingly, the plaintiff fire fighter was qualified to sit for the fire captain examination, where he was certified for the lower position of fire lieutenant for one year prior to the examination and had been employed in the fire force for one year after he was certified (even though he only served as a fire lieutenant for approximately eleven months). [535-538]

CIVIL ACTION commenced in the Superior Court Department on July 28, 2006.

The case was heard by *John C. Cratsley,* J., on a motion for judgment on the pleadings, and a motion to alter or amend the judgment was also heard by him.

*William W. Porter,* Assistant Attorney General, for Civil Service Commission.

*Timothy M. Burke (Jordan E. Burke* with him) for the plaintiff.

MILLS, J. In this case, we consider the proper construction of G. L. c. 31, § 59, as appearing in St. 1989, c. 174, which governs

[1]City of Haverhill.

the promotional examination process for municipal police officers and fire fighters, and states, in relevant part:

"An examination for a promotional appointment to any title in a police or fire force shall be open only to permanent employees in the next lower title in such force . . . provided, however, that no such examination shall be open to any person who has not been employed in such force for at least one year after certification[2] in the lower title or titles to which the examination is open."

A Superior Court judge interpreted the statute to require that in order to be eligible to sit for the fire captain's examination, an individual must have been certified for, and thus eligible to serve in, the lower position of fire lieutenant for at least one year, and not that the candidate actually must have served as fire lieutenant for one year. We agree.

In the summer of 2003, the plaintiff, Paul Weinburgh, was certified for the position of fire lieutenant in the city of Haverhill (city) and placed on the fire lieutenant promotion list. After officially being appointed to this position on December 21, 2003, the plaintiff filed a bypass appeal[3] with the Civil Service Commission (commission) claiming that another fire lieutenant appointee did not meet residency requirements. To ensure proper seniority, the plaintiff and the city submitted a joint stipulation requesting that the commission backdate the plaintiff's appointment date to October 21, 2003. The commission took no immediate action because the parties had not reached an agreement on back pay and benefits. However, on May 26, 2005, the commission approved a modified stipulation submitted by the plaintiff and the city requesting that the plaintiff's fire lieuten-

---

[2]"Certification" is defined in G. L. c. 31, § 1, as appearing in St. 1985, c. 527, § 1, as "the designation to an appointing authority by the administrator of sufficient names from an eligible list or register for consideration of the applicants' qualifications for appointment pursuant to the personnel administration rules."

[3]In deciding a bypass appeal, the Civil Service Commission determines "whether the appointing authority has complied with the requirements of Massachusetts civil service law for selecting lower scoring candidates over higher scoring candidates." *Massachusetts Assn. of Minority Law Enforcement Officers* v. *Abban*, 434 Mass. 256, 261 (2001).

ant appointment date be changed to November 19, 2003. The plaintiff waived any rights to back pay.

During these discussions, the plaintiff applied to sit for the fire captain promotional examination to be held on November 20, 2004, one year and one day after the plaintiff's retroactive appointment date eventually approved by the commission. The plaintiff was allowed to sit for the examination and, based on his score and work experience, subsequently was certified to the position of fire captain and placed on the promotion list.

On July 8, 2005, another fire fighter filed a bypass appeal with the commission claiming that the plaintiff should not have been allowed to sit for the fire captain's examination because he had not actually served as a fire lieutenant for one year. After hearing, the commission agreed that in order to sit for the fire captain's examination, G. L. c. 31, § 59, requires one year of actual service in the lower position of fire lieutenant. Because the plaintiff only served as a fire lieutenant for approximately eleven months, the commission ordered the plaintiff's name removed from the fire captain promotion list.

The plaintiff filed a petition for judicial review in the Superior Court pursuant to G. L. c. 31, § 44. A judge reversed the decision of the commission, concluding that it had misinterpreted the statute as matter of law. See *Connolly* v. *Suffolk County Sheriff's Dept.*, 62 Mass. App. Ct. 187, 192 (2004) (court may modify or set aside decision of administrative agency when decision is based upon error of law). The judge reasoned that if the Legislature intended to require one year of actual service in the lower position (in this case, fire lieutenant), the statute would have contained more definitive language requiring service.[4] Instead, the judge explained, that by using the term "certification,"

> "the legislature chose to separate the requirement of employment in the force (no rank) from that of a year's

---

[4]For example, G. L. c. 31, § 61, inserted by St. 1978, c. 393, § 11, provides, in part, that "[f]ollowing his original appointment as a permanent full-time police officer or fire fighter in a city, or in a town where the civil service law and rules are applicable to such position, a person *shall actually perform the duties of such position on a full-time basis for a probationary period of twelve months* before he shall be considered a full-time tenured employee" (emphasis supplied).

certification in the lower rank. At the very least, this wording indicates that an administrative landmark, rather than a factual one, should be used to determine eligibility to sit for a civil service exam."

Therefore, the judge correctly concluded that G. L. c. 31, § 59, requires that an employee (1) be on the promotion list (and, thus, certified) for the immediate lower position one year prior to taking the exam for the higher position; and (2) actually serve in the force for one year after certification, but not necessarily in that lower position. In this case, because the plaintiff was certified for the lower position of fire lieutenant in the summer of 2003 and had been employed "in such force," see G. L. c. 31, § 59, for one year after certification, he was qualified to sit for the fire captain's examination in November, 2004.[5,6]

*Judgment affirmed.*

*Order denying commission's motion to alter or amend judgment affirmed.*

---

[5]As we conclude that the plaintiff met the statutory requirements to sit for the fire captain's examination, we need not comment on the commission's authority to render settlements in civil service disputes.

[6]The commission's concern that this reading will allow individuals to skip rank by sitting for the fire captain's examination without ever serving in the lower position of fire lieutenant is addressed by the restrictive language in G. L. c. 31, § 59, requiring that "[a]n examination for a promotional appointment to any title in a police or fire force shall be open only to permanent employees in the next lower title in such force." Therefore, while we conclude that an individual need only be certified in the lower position for one year to sit for the higher position's examination, actual service of some length in the lower is required to be appointed to the higher.